NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

Eastern District of Kentucky
**FILED**

JUN 0 8 2006

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 06-CV-175-JMH

MARC JOHNSON                                                                    PLAINTIFF

VS:                **MEMORANDUM OPINION AND ORDER**

BUNKO                                                                           DEFENDANT

Marc Johnson, a/k/a Marcus Bond Johnson, a non-prisoner plaintiff, has initiated yet another civil action by submitting a motion to proceed *in forma pauperis*, using a financial affidavit form designed for prisoners; and a handwritten document [Record No. 1], which the Court construes as a complaint.

BACKGROUND

The instant action is the plaintiff's twelfth *pro se* civil action in this Court, and the twelfth containing a request to proceed *in forma pauperis* on a prisoner affidavit form. In these previous actions, the plaintiff has persisted in filing frivolous complaints, unexplained exhibits, unsupported and improper motions to proceed *in forma pauperis*, and other frivolous motions. In some, the Court had no choice but to dismiss the cases, *sua sponte*. In others, the Court has issued deficiency orders, by which Johnson has an opportunity to cure deficiencies; in such cases, either he has failed to do so timely or the time has not yet run to cure them. In none has the Court ordered the issuance of summons. The previous actions are:

> *Johnson v. Lexington Legal Bar Association*, No. 03-CV-135-JMH, filed March 19, 2003, regarding two lawsuits which he had unsuccessfully pursued in the Western District of Kentucky and in the United States Court of appeals for the Sixth Circuit. Dismissed May 5, 2003.

*Johnson v. Building Under Construction, et al.*, No. 04-CV-378-JBC, filed on August 9, 2004, regarding several matters, including his allegation that his building designs have been stolen and that the mayor had stated that she intended to arrest him. Dismissed March 24, 2005.

*Johnson v. State of Kentucky et al.*, No. 05-CV-336-KSF, filed August 8, 2005, was so nonsensical that the Court called for supplemental information if the plaintiff wished to proceed, but a response was not forthcoming. Dismissed January 19, 2006.

> *Johnson v. Lexington Fayette Urban County Government*, No. 05-CV-493-JMH, filed November 29, 2005, regarding several financial topics, *e.g.*, "my identity is being used on U.S. Currency notes." Dismissed April 25, 2006.

*Johnson v. Kentucky Fried Chicken Corporation, et al.*, No. 06-140-JMH, filed May 5, 2006, regarding people and restaurants which are allegedly "trying to kill me." Deficiency Order May 25, 2006.

*Johnson v. FBI*, 06-CV-141-JMH, filed May 5, 2006, gave no information as to why the Federal Bureau of Investigation was named as a defendant. Deficiency Order May 25, 2006.

*Johnson v. Dan's Pawn Shop*, No. 06-CV-163-KSF, filed May 23, 2006, charging the store with (1) robbery and usury; (2) keeping the plaintiff from getting married; and (3) being involved in the death of an individual named Danny Okes.

*Johnson v. Flores*, 06-CV-170-KSF, filed May 30, 2006, against a woman named Mary Catherine Flores as the defendant and charging her with "neglect and fraud."

*Johnson v. Carter,* No. 06-CV-171-JMH, also filed May 30, 2006, against a woman, this one named Susan Victoria Carter, and making the same "neglect and fraud" claims. Dismissed June 1, 2006.

*Johnson v. Military Records*, No. 06-CV-172-JMH, another filed May 30, 2006, regarding his military records which are purportedly "defrauding" his name and which he requests be revised. Deficiency Order June 1, 2006.

*Johnson v. State of Kentucky*, No. 06-CV-173-JMH, filed May 30, 2006, regarding a conspiracy between certain state, county, and local branches of government to murder him by denying him certain things, including food and watching television. Dismissed June 2, 2006.

In orders issued in all of these cases, the Court repeatedly informed Plaintiff Johnson of the

need for his complaint/allegations to meet the minimal requirements of Rule 8 of the Federal Rules

2

of Civil Procedure or face dismissal pursuant to *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) and *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999), *cert. denied*, 528 U.S. 1198 (2000). The Court has even supplied him with complaint forms. Still he has persisted in filing unexplained documents and nonsense allegations, as he has done in the instant case. He has not instituted any case by filing a formal complaint.

Similarly, since 2003, the Court also repeatedly advised Plaintiff Johnson of the impropriety of applying to proceed *in forma pauperis* on the prisoner financial form, since he is not a prisoner, and each time the Court provided him with the proper affidavit form for non-prisoners.[1] To date, however, the plaintiff has failed to submit the proper non-prisoner financial form when he initiates an action and seeks to proceed therein *in forma pauperis*. Therefore, he has repeatedly shown that he will not follow this Court's orders.

The Court also notes that in two of his first three cases, the plaintiff paid the district court filing fee. Since their dismissals *sua sponte*, however, all of Johnson's later filings have been accompanied with a motion to proceed *in forma pauperis*. It appears that he does not want to risk his own money again. When he has submitted sufficient financial information for the Court to rule on the merits of his motion, as he has done eventually in two of the above-listed cases, he has failed to demonstrate indigency. Both times, the Court found that he did not make a sufficient showing of poverty to qualify as an indigent, once on the ground that Johnson had valuable property[2] and the other based on his having a sufficient monthly income to disqualify him as a pauper.[3] Johnson did

---

[1] *See, e.g., Johnson v. Lexington Legal Bar Association*, Lex. No. 03-CV-135-JMH; *Johnson v. Building Under Construction*, Lex. No. 04-CV-378-JBC; and *Johnson v. Kentucky Fried Chicken, et al.*, Lex. No. 06-CV-140-JMH.

[2] *See Johnson v. Building Under Construction*, No. 04-CV-378-JBC.

[3] *See Johnson v. Lexington Fayette Urban County Government*, No. 05-CV-493-JMH.

not appeal these findings.

## INSTANT ALLEGATIONS

In the case *sub judice*, the plaintiff has begun as usual, *i.e.*, submitting his two usual deficient pleadings, the prisoner affidavit form and accompanying pages of allegations which the Court has historically construed to be an intended complaint. On both, he has written that the defendant is "Bunko."

In the latter pleading, the plaintiff lists several persons who, beginning in 1985, purportedly told him that he "would be subjected to Bunko"; or that he "would be dead from Bunko in 2006"; or that others "would kill Marc Johnson with Bunko"; or that Bunko "is (was) really where it's at." The plaintiff further states that he doesn't know what "Bunko" means.

Nor do the plaintiff's two attached exhibits shed light on what cause of action his allegations could be construed to be. One attachment is a local bus ticket. The other is a local code enforcement citation for high grass at 1902 Dunkirk Drive in Lexington, Kentucky, the plaintiff's address. It is dated May 16, 2006; directed to the property owner, who is named Carol Johnson, at an address in Long Beach, California; and promises that a re-inspection of the property would occur on May 31, 2006, the very date on which he came to the Office of the Clerk of the Court to file this case.

## DISCUSSION

As the plaintiff has been told repeatedly, a *pro se* complaint is held to less stringent standards than those composed by an attorney and should be construed as alleging all fairly and reasonably inferred claims, *Haines v. Kerner*, 404 U.S. 519, 520 (1972). There are limits to this liberal construction, however, and the plaintiff has met and exceeded them in this Court.

4

Federal Rule of Civil Procedure 8(a) requires a *pro se* plaintiff's complaint to include (1) a short and plain statement of the grounds upon which the court's jurisdiction depends..., (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. A complaint which fails to meet the basic requirements of Rule 8, even a *pro se* complaint, should be dismissed without prejudice. *Parker v. Debuono*, 2000 WL 223841 (S.D.N.Y. 2000); *Vicom, Inc. v. Harbridge Merchant Services,* 20 F.3d 771, 775 (7th Cir. 1994); *Boswell v. Honorable Governor of Texas*, 138 F.Supp.2d 782, 785 (N.D. Texas 2000) ("[i]t is not the Court's place to speculate or imagine what the plaintiff's claims may be."); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Neitzke v. Williams*, 490 U.S. at 327 (1989).

Johnson's construed complaint herein clearly has not set forth a short and plain statement of the facts supporting each allegation in the complaint. The plaintiff's complaint presents no discernible federal claim and makes no factual allegations whatsoever. The Court is at a loss as to how to construe any meaning therein. Such defects, therefore, render the complaint patently insubstantial and, therefore, subject to dismissal, pursuant to Fed.R.Civ.P. 12(b)(1). *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999), *cert. denied*, 528 U.S. 1198 (2000); *Hagans v. Lavine*, 415 U.S. 528, 537 (1974); *Thomson v. Gaiskill*, 315 U.S. 442 (1942) (plaintiff must expressly allege basis for court's subject matter jurisdiction)

The Court concludes that the present complaint utterly fails to assert any discernible claim over which this Court would have subject matter jurisdiction. Although the Court has previously afforded Johnson with opportunities to amend his pleadings in other actions, the Court will do so no longer. The instant complaint will be dismissed *sua sponte* for lack of subject matter jurisdiction pursuant to *Apple v. Glenn*, 183 F.3d at 479 (distinguishing between dismissals pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), citing *Hagans v. Lavine*, 415 U.S. at 536-37, and

affirming dismissal for lack of subject matter jurisdiction) and *Neitzke v. Williams*, 490 U.S. at 327.

Further, Johnson will be discouraged from future frivolous filings. He has already been advised that the Court possesses the inherent authority to prevent abuse of the judicial process by enjoining those who file multiple, frivolous, or malicious pleadings. *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) ("'Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates,'" quoting *Anderson v. Dunn*, 6 Wheat. 204, 227 (1821)).

In choosing sanctions, the Court may not absolutely foreclose an individual from initiating an action or pursuing an appeal in federal court. *Ortman v. Thomas*, 99 F.3d 807 (6th Cir. 1996). Rather, the district courts must use the least restrictive sanction necessary to deter the inappropriate behavior. *Id.* at 811. Among permissible sanctions, the Court may place pre-filing restrictions on an individual with a history of repetitive or vexatious litigation. *Hyland v. Stevens*, 37 Fed.Appx. 770, 771 (6th Cir. 2002) (citing *Ortman* at 811; *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir 1998) and *Filipas v. Lemons*, 835 F.2d at 1146). In most cases, the preferred approach is to require an abusive litigant to obtain leave of the court before filing any more lawsuits. *Id.*

Also, where a litigant has "demonstrated a 'history of unsubstantial and vexatious litigation [amounting to] an abuse of the permission granted to him to proceed as a pauper in good faith . . .'", the Court may enter an order prospectively denying *in forma pauperis* status and direct the Clerk of the Court to return unfiled any complaint or petition submitted by the litigant unless accompanied by the appropriate filing fee. *Reneer v. Sewell*, 975 F.2d 258, 260-61 (6th Cir. 1992). *See also Hyland*, 37 Fed.Appx. at 771-72 (citing *Judd v. United States Dist. Court for the W. Dist of Texas*, 528 U.S. 5, 6 (1999), wherein the High Court ordered the clerk of that Court not to accept further

petitions for certiorari in non-criminal matters until the docketing fees were paid).

Also, injunctions may be imposed. *Id.* In addition to affirming various district court sanctions, the Sixth Circuit has itself imposed an injunction against a frequent filer of frivolous actions. *Siller v. Haas*, 21 Fed.Appx. 270, 271 (6th Cir. 2001).

This Court will no longer tolerate Marcus Bond Johnson's continuing abuse of the judicial process. *See Callihan v. Commonwealth*, 36 Fed.Appx. 551, 553 (6th Cir. 2002) (affirming the injunction which this Court imposed on a vexatious litigant). Now, in the instant Order and also in the Order dismissing the other case which he filed on May 31, 2006, this Court puts Plaintiff Johnson on notice of the following pre-conditions which he must satisfy from this day forward.

If Marcus Bond Johnson wishes to bring any new civil action case after the date of entry of the instant Order, his tendered initial pleading must be accompanied by (a) a completed complaint form substantially conforming to this Court's complaint form 123; and (b) full payment of the $350.00 district court filing fee.

Alternatively, if the plaintiff claims to be indigent and wishes to proceed in a new action without the prepayment of the filing fee, then he must submit the following: (a) a completed complaint form substantially conforming to this Court's complaint form 123; and (b) a completed 4-page financial affidavit form which is for non-prisoners' use and is consistent with the 4-page form which the Court has repeatedly sent to the plaintiff or with Form 4, Affidavit Accompanying Motion for Permission to Appeal in Forma Pauperis, found in the Federal Rules of Appellate Procedure Appendix of Forms; and (c) a motion for leave of Court to bring another civil action, said motion setting out his claim(s), the facts from which his claim(s) arose, and the purpose of the desired lawsuit.

If neither of the above alternatives is met, the Clerk of the Court will be directed not to initiate a new case but to return the initial document(s), *i.e.*, pleading/complaint/construed complaint, to the plaintiff.

Additionally, any future motion which the plaintiff brings in a currently filed or future case, and which the Court finds to be frivolous, may result in the imposition of a $50.00 sanction, per motion for each such motion he brings hereafter. Failure to pay a sanction so imposed within thirty days may be considered contempt of Court, for which the plaintiff may be further sanctioned.

Accordingly, it is hereby **ORDERED** as follows:

(1) Plaintiff's complaint herein is **DISMISSED** for lack of subject matter jurisdiction and a contemporaneous Judgment will be entered in favor of the named defendant.

(2) Plaintiff's application to proceed *in forma pauperis* [Record No. 2] is **DENIED**.

(3) Plaintiff is **PERMANENTLY BARRED AND ENJOINED** from filing any *pro se* civil action in the Eastern District of Kentucky unless he shall present the following:

(a) a completed complaint form substantially conforming to this Court's complaint form 123; and

(b) contemporaneous full payment of the $350.00 district court filing fee;

or, alternatively,

if the plaintiff seeks *in forma pauperis* status, (a) a formal complaint stating a federal claim on a complaint form, as described in this Order; (b) a fully completed 4-page financial affidavit form for non-prisoners' use in seeking to proceed *in forma pauperis*, also as described in this Order; and (c) a motion for leave of Court to bring another civil action, said motion setting out his claim(s), the facts from which his claim(s) arose, and the purpose of the desired lawsuit.

(4) The Clerk of Court **SHALL NOT FILE** any new civil action received from Marcus Bond Johnson, if he does not tender therewith a formal complaint and either the full district court filing fee or motions in conformity with subsections (b) - (c) in the immediately preceding paragraph;

and the Clerk **SHALL RETURN** to Marcus Bond Johnson **UNFILED** all filings received in violation of this Order.

(5) Any failure by Marcus Bond Johnson to abide by the directives set forth in this Order may result in additional sanctions.

This the ___8th___ day of June, 2006.

                                                                                       */s/ Joseph M. Hood*
                                                                        JOSEPH M. HOOD, CHIEF JUDGE

Date of Entry and Service: